IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAFE DUNN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIV. A. NO. 3:21-cv-01393-X |
| | § | |
| SOUTHWEST AIRLINES CO.; | § | |
| SOUTHWEST AIRLINES CO. | § | |
| VOLUNTARY SEPARATION | § | |
| PROGRAM 2020 | § | |
| | § | |
| *Defendants*. | § | |

PLAINTIFF'S MOTION TO STRIKE EXHIBITS TO DOC. 91 AND FOR LEAVE TO FILE THE ATTACHED SURREPLY TO ARGUMENTS MADE FOR THE FIRST TIME IN DEFENDANTS' REPLY BRIEF

COMES NOW PLAINTIFF LAFE DUNN ("Captain Dunn") and moves this Court to strike the exhibits that Defendants attached to Doc. 91, their Reply Brief in Support of Defendants' Motion for Summary Judgement ("Reply") and for leave to file the attached concise Surreply brief, addressing a legal argument improperly raised by Defendants for the first time in the Reply.

A. **THE COURT SHOULD STRIKE DEFENDANTS' NEWLY-PROFFERED EXHIBITS, WHICH ARE *NOT* PART OF THE ADMINISTRATIVE RECORD.**

A REPLY BRIEF MAY NOT CONTAIN NEW EVIDENCE or arguments. *See Weber v. Merrill Lynch Peirce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006); *Springs Indus. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (citations omitted). Equally important, a "nonmovant should be given a fair opportunity to respond to a motion. This principle informs the court's practice of declining to consider arguments raised for the first time in a reply brief."

*Galderma Labs. v. Actavis Mid Atlantic LLC*, 2008 WL 3822622, at *1 (N.D. Tex. 2008).[1] A reply brief that presents new evidence and arguments, and especially one that misrepresents those things as *always* having been part of the record, violates these basic tenets of motions practice.

Nevertheless, Defendants have attempted to do just that. At pp. 13-14 of their Reply, Defendants introduce what is self-evidently a truncated and incomplete text exchange between Captain Dunn and Chief Pilot Joe Wahl, representing it at fn. 15 as having been included in "the first Administrative Record." If it were admissible, this exchange would provide no useful or usable information to Court. The text screen shots start **after** whatever request Captain Dunn made to Captain Wahl and there is no evidence of, or way to determine, exactly what the two men were discussing, or what records Captain Dunn wanted to have updated to match his actual leave. If these screen shots had been part of the record, and reliance upon them by the Board made known to Captain Dunn, he could have addressed them in his internal appeal and his explanation could have been part of the Administrative Record. If Defendants thought they were relevant, they could have sought their consideration in conjunction with either or both of their own summary judgment motion or their response to Captain Dunn's. Now it is simply too late to expect Plaintiff to address entirely new claims based on entirely new and incomplete evidence of a text exchange that occurred approximately two years ago. To the extent that Captain Wahl references the pull sheets, and those are part of the **actual** Administrative Record, Captain Dunn has addressed them in his own briefs.

Defendants assert that these documents "were included in the first Administrative Record filed with the court." Reply Brief, Doc. No. 91, p. 14 n. 15. However, as set out in Doc. 67, Motion to **Correct** Administrative Record, [**Emphasis supplied**] this document isn't part of a "first"

---

[1] The unpublished decisions cited in this motion are attached as a single Attachment B.

Administrative Record. It is not part of the Administrative Record at all. It was disclosed to Captain Dunn only in response to discovery[2] and was ultimately conceded by Defendants **not** to have been considered by the Plan in denying Captain Dunn's claim.[3] *See* Attachment A, Defendants' Production log, produced on June 3, 2021, identifying which documents that had been produced in its discovery response were either presented to, or discussed with, the decision-making Board. The documents that were labelled SWA 000045-192 and 000227+ are acknowledged by Defendants to **not** belong in the Administrative Record (See Doc. 70).

Defendants are, in effect, attempting to file a reply appendix by another name, presenting new documents to the Court and referencing them via argument. As far back as 2001, former Chief Judge Fitzwater addressed the impropriety of this practice:

> On several occasions, the court in unpublished opinions has stricken or disregarded these reply appendices on the ground that they are not permitted under the local rules. Given the recurrence of the practice of filing reply appendices, the court issues this published opinion striking the reply appendix in the present case and setting forth its rationale for doing so.
>
> . . .
>
> [A] party may not file a reply brief appendix without first obtaining leave of court. Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances.

*Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103-4 (N.D. Tex. 2001). Defendants neither sought nor obtained leave, nor would there have been any grounds for permitting this belated introduction, and their brazen attempt to sneak new evidence before

---

[2] Defendants did not identify any documents in a Fed. R. Civ. Pro 26(a) disclosure, and produced documents that **did** belong in the Administrative Record only after months of resistance and an order of the Magistrate in Colorado.

[3] Even in their Reply, Defendants write that they obtained these text messages "shortly after the Board's initial denial of Dunn's application." Reply Brief, Doc. No. 91, p. 14.

the Court in a reply brief is outrageous. The VSP didn't consider that partial text exchange, and neither should the Court.

> B. **DEFENDANTS CANNOT RAISE WHAT IT ARGUES TO BE THE SIGNIFICANCE OF THE INCOMPLETE TEXT EXCHANGE FOR THE FIRST TIME IN THEIR REPLY BRIEF. HAD THEY MOVED TO PRESENT THESE EXHIBITS, WITH THEIR ACCOMPANYING ARGUMENT, TO THE COURT, THE MOTION WOULD HAVE BEEN ENTIRELY LACKING IN MERIT.**

SETTING ASIDE DEFENDANTS' INCORRECT CLAIM THAT Captain Dunn's recitation of what Captain Wahl said to him is hearsay, Defendants have been aware of it since August 2020, when it appeared in Captain Dunn's initial appeal to the VSP. *See* SWA000004-5, App. 000006-7.[4] June 2022 is at least two years too late for the Defendants to claim that the text exchange is relevant, and at least one pleading too late to present new contentions about what it calls "*all* of Chief Pilot Wahl's statement" (Doc. 91, p. 14, emphasis in original) to this Court:

> To the extent that Navarro County argues that Milteer has failed to plausibly allege facts in support of the first, second, or third elements of his prima facie case, the court declines to consider these arguments, which have been raised for the first time in Navarro County's reply. *See, e.g., Jacobs v. Tapscott*, [2006 BL 101431], 2006 U.S. Dist. LEXIS 68619, [2006 BL 101431], 2006 WL 2728827 , at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief." (citation omitted)), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

*Milteer v. Navarro County*, No. 3:21-CV-2941-D, 2022 BL 152931, at *10 n. 8 (N.D. Tex. May 3, 2022).

Captain Dunn identified Captain Wahl's statement to him as an "undisputed material fact" in his Brief in Support of Plaintiff's Motion for Summary Judgment (Doc. 76, ¶S) and if Defendants would have wanted—and could have been permitted—to introduce this truncated text chain as evidence to refute that, the time to do so would have been in its Response. *See id.*

---

[4] "App." Refers to Plaintiff's Appendix in Support of Motion for Summary Judgment, Doc. No. 75.

C. **WHILE THE COURT SHOULD STRIKE DEFENDANTS' NEW EVIDENCE AND ARGUMENTS, AT THE VERY LEAST PLAINTIFF DESERVES A MEANINGFUL OPPORTUNITY TO RESPOND TO THESE INAPPROPRIATELY-RAISED CONTENTIONS IN THE ATTACHED SURREPLY.**

HEEDLESS OF THIS DISTRICT'S STANDARDS, Defendants have waited until the last possible moment to introduce new arguments and evidence. In doing so, they have misrepresented the law on hearsay, misled this Court as to the evidence properly before it, and attempted to smear Captain Dunn without any factual basis. These efforts deserve no consideration by this Court. Defendants' new exhibit should be stricken, and because Defendants have made new arguments, Plaintiff also respectfully seeks leave to file the attached short Surreply for the limited purpose of addressing Defendants' newly-formed thoughts.

## Certificate of Conference

Plaintiff has conferred with Defendants, and they oppose the relief sought in this motion.

DATE: June 9, 2022

        RESPECTFULLY SUBMITTED,

        THE KELMAN BUESCHER FIRM

        /S/ELLEN M. KELMAN
        /S/ MATTHEW FRITZ-MAUER
        ELLEN M. KELMAN
        MATTHEW FRITZ-MAUER
        600 GRANT ST., STE. 825
        DENVER, CO 80203
        PHONE: (303) 333-7751
        FAX: (303) 333-7758
        EKELMAN@LABORLAWDENVER.COM
        MFRITZMAUER@LABORLAWDENVER.COM
        ATTORNEYS FOR THE PLAINTIFF

GILLESPIE SANFORD LLP

/s/ JAMES D. SANFORD
JAMES D. SANFORD

TEXAS BAR NO. 24051289
4803 GASTON AVE.
DALLAS, TEXAS 75246
TEL: (214) 800-5111
FAX: (214) 838-0001
EMAIL: JIM@GILLESPIESANFORD.COM

ATTORNEYS FOR PLAINTIFF LAFE DUNN

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 9, 2022, I electronically submitted this document to the clerk of court for the U.S. District Court for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals, who have consented in writing to accept this Notice as service of this document by electronic means:

Eliot T. Burriss
Katten Muchin Rosenman LLP
2121 North Pearl Street, Suite 1100
Dallas, TX  75201
eli.burriss@katten.com

                *s/ James D. Sanford*